UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARGELIO LOZANO,

    Plaintiff,

v.

CITY OF SAN PABLO,

    Defendant.

Case No.: 4:14-cv-00898 KAW

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

The City of San Pablo moves to dismiss Argelio Lozano's complaint. The motion has been fully briefed and is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the motion is granted with leave to amend.

## I.     BACKGROUND

### A.     Factual background

On April 25, 2010, San Pablo Police Department officers were in foot pursuit of Argelio Lozano ("Plaintiff"), who was suspected of automobile theft. (Compl. ¶ 5, Dkt. No. 1.) A police canine unit officer ordered Plaintiff to stop and get down on the ground. (*Id.* ¶ 6.) Plaintiff complied, got down on the ground, and put his hands behind his head. (*Id.* ¶ 7.) At that point, the police canine ran toward Plaintiff, who was not resisting arrest,[1] and bit his right underarm, puncturing an artery. *(Id.)*

---

[1] Though Plaintiff alleges that he was not resisting arrest, the City of San Pablo ("City") indicates in its opposition that Plaintiff was convicted for multiple offenses, including resisting arrest, stemming from the events that occurred on August 25, 2010. The City, however, did not request that the Court take judicial notice of any documents relating to that conviction. As a result, the Court has not considered this information in ruling on the instant motion. Nonetheless, the Court notes that in the event the City does submit a proper request for judicial notice in connection with a future dispositive motion, there may be a question as to whether Plaintiff's § 1983 claim has accrued at all. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff requested medical attention and was taken to a hospital. (*Id.* ¶¶ 8, 9.) En route, he "expired due to a loss of blood and was resuscitated." (*Id.* ¶ 9.) Plaintiff underwent emergency surgery and remained in critical condition after suffering organ failure as a result of blood loss due to the dog bite. (*Id.* ¶ 11.) His right arm, right hand, and fingers are now "almost completely disabled . . . ." (*Id.* ¶ 12.)

### B.  Procedural background

On February 27, 2014, Plaintiff filed his complaint, in which he alleges violations of the Fourth and Fourteenth Amendments[2] based on the use of excessive force during his arrest. (*Id.* ¶ 14.) He also asserts that such use of force stems from an established policy, practice, or custom and that the City knew that canine units "have operated and continue to operate in such a way as to deprive numerous individuals of their constitutional rights . . . ." (*Id.* ¶ 15.) On April 1, 2014, the City moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Def.'s Mot., Dkt. No. 10.) Plaintiff's opposition followed on April 2, 2014, and the City filed its reply on April 22, 2014. (Pl.'s Opp'n, Dkt. No. 15; Def.'s Reply, Dkt. No. 16.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732).

---

[2] Plaintiff has withdrawn his Fourteenth Amendment claim. Pl.'s Opp'n at 5.

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980.)

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### III.   DISCUSSION

**A.   Plaintiff fails to state a claim upon which relief can be granted.**

The City seeks dismissal of the complaint without leave to amend. (Def.'s Mot. at 1.) It argues that Plaintiff fails to state a claim upon which relief can be granted because his claims are time-barred, having been filed nearly four years after the events complained of occurred and thus well outside the governing two-year statute of limitations. (*Id.* at 2.)

In opposition, Plaintiff argues that his claims are not time-barred. (Pl.'s Opp'n at 2.) He asserts that pursuant to California Civil Code section 352.1, the applicable statute of limitations was tolled for an additional two years because Plaintiff has been incarcerated since his April 25, 2010 arrest.[3] *(Id.)* On these grounds, he claims that his February 27, 2014 was filed within the two-year tolling period.

Section 1983 contains no independent statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Azer v. Connell*, 306 F.3d 930, 935-36 (9th Cir. 2001). "Instead, the applicable limitation period is determined by borrowing the forum state's limitation period, including its tolling provisions, for the most analogous personal injuries." *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999) (citation omitted). In California, the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California Code of Civil Procedure section 352.1 provides that this two-year statute of limitations may be tolled for an additional two years if the "person entitled to bring the action is, at the time the cause of action accrued, imprisoned on a criminal charge . . . ."

As the City points out in its reply, Plaintiff's complaint does not provide a factual or legal basis for tolling the applicable statute of limitations. (Def.'s Reply at 2.) The factual allegations in the complaint are as follows:

> 5. On or around April 25, 2010, the plaintiff was a suspect in an auto-theft and was being pursued by the defendants.
> 6. During a foot chase, the plaintiff was ordered to stop by the defendant who was a K9 Unit officer and he was ordered to surrender and get down on the ground.
> 7. The plaintiff complied with the defendant's order to get down on the ground and put his hands behind his head. At that time, the K9 that the defendant was in charge of handling ran toward the plaintiff who was not resisting arrest, and bit him under his right arm-pit, puncturing an artery.
> 8. The defendant subsequently removed the K9 away from the plaintiff and observed that the plaintiff was bleeding profusely and asking for the defendant to get him medical attention.
> 9. The plaintiff was subsequently taken to a hospital, and while on the way to the hospital the plaintiff expired due to a loss of blood and was resuscitated.

---

[3] The complaint contains no allegations regarding tolling and makes no mention of Plaintiff's incarceration for any criminal charges stemming from the April 25, 2010 arrest.

4

      10. The plaintiff was taken to a hospital trauma center where he immediately underwent surgery.

      11. The plaintiff was then placed in critical condition after suffering organ failure as a result of the loss of blood due to the police dog bite.

      12. The plaintiff's right arm, right hand and fingers are almost completely disabled as a result of the police dog bite.

These allegations, even when taken as true, do not support Plaintiff's assertion, found only in his opposition, that tolling applies because he "has been incarcerated from the time of his arrest to this present date." (*See* Pl.'s Opp'n at 4.) Thus, the complaint, in its current form, must be dismissed for failure to state a claim upon which relief can be granted. *See Jablon*, 614 F.2d at 682. The events giving rise to Plaintiff's § 1983 claim occurred on April 25, 2010. (Compl. ¶ 5.) Yet, Plaintiff did not file his complaint until February 27, 2014, well outside the standard two-year statute of limitations period.

Accordingly, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. The Court, however, grants Plaintiff leave to amend the complaint to include a proper factual and legal basis that would support tolling. Thus, to the extent Plaintiff wishes to rely on his continuous incarceration to establish tolling, he shall include appropriate allegations in the complaint.

## IV.   CONCLUSION

For the reasons set forth above, the City's motion is granted with leave to amend. Plaintiff shall file an amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: May 9, 2014

KANDIS A. WESTMORE
United States Magistrate Judge