UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGELIO LOZANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN PABLO,<br><br>　　　　Defendant. | Case No. 14-cv-00898-KAW<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 26 |

　　　　The City of San Pablo moves for judgment on the pleadings against Argelio Lozano. The Court has reviewed the papers filed by the parties, considered the arguments advanced by counsel, and the relevant legal authority. For the reasons set forth below, the motion is GRANTED.

## I.　　BACKGROUND

### A.　　Factual background

#### 1.　　The April 25, 2010 incident[1]

　　　　On April 25, 2010, San Pablo Police Department officers were in foot pursuit of Argelio Lozano ("Plaintiff"), who was suspected of automobile theft. (Am. Compl. ¶ 6, Dkt. No. 1.) A police canine unit officer ordered him to stop and get down on the ground. (*Id.* ¶ 6.) Plaintiff complied, got down on the ground, and put his hands behind his head. (*Id.* ¶ 7.) At that point, the police canine ran toward Plaintiff, who was not resisting arrest, and bit his right underarm, puncturing an artery. *(Id.)*

　　　　Plaintiff requested medical attention and was taken to a hospital. (*Id.* ¶¶ 8, 9.) En route, he "expired due to a loss of blood and was resuscitated." (*Id.* ¶ 9.) Plaintiff underwent emergency surgery and remained in critical condition after suffering organ failure as a result of blood loss due

---

[1] The details pertaining to the April 25, 2010 are taken from the allegations in Plaintiff's amended complaint.

1  to the dog bite. (*Id.* ¶ 11.) His right arm, right hand, and fingers are now "almost completely
2  disabled and permanently disfigured." (*Id.* ¶ 12.) Plaintiff claims that, at the time of the incident,
3  he did not use any force or do anything that would have warranted any use of force against him.
4  (*Id.* ¶ 11.)

### 2. The state court criminal proceedings

On July 8, 2010, the Contra Costa County District Attorney filed criminal charges against Plaintiff for (1) unlawfully driving or taking a vehicle in violation of California Vehicle Code section 10851(a) ("Count 1"), (2) receiving stolen property (motor vehicles/vessels/construction equipment) in violation of California Penal Code section 496(d) ("Count 2"), (3) evading an officer in violation of California Vehicle Code section 2800.1 ("Count 3"), (4) hit-run driving in violation of California Vehicle Code section 20002(a) ("Count 4"), and (5) resisting, obstructing, or delaying a peace officer in violation of California Penal Code section 148(a)(1) ("Count 5"). (Req. Judicial Notice ("RJN"), Ex. A, Criminal Information, Dkt. No. 27.)[2]

At trial, San Pablo Police Officer Sprague testified that he was on patrol on the afternoon of April 25, 2010 when he saw a white Acura. (RJN, Ex. B, Trial Tr. 49:18-23, 52:18-53:3.) He ran the vehicle's license plate number and learned that the car had been reported stolen. (*Id.* at 53:10-22.) He followed the Acura into a parking lot. (*Id.* at 54:10-55:16.) The officer then activated the overhead lights on his vehicle, opened his driver's side door, stepped out of his car, drew his service weapon, pointed it at the driver of the vehicle, and ordered him to shut the engine off. (*Id.* at 56:24-28, 57:21-26.) The vehicle continued to travel through the parking lot. (*Id.* at 59:3-7.) As the vehicle was still moving, the driver's side door opened, and the driver, who the officer identified as Plaintiff, exited the vehicle and fled on foot. (*Id.* at 57:4-17, 62:21-64:7.)

San Pablo Police Officer Galios also testified at Plaintiff's trial. (*Id.* at 128:1-173:18.) He was also on duty on April 25, 2010 when he was dispatched to assist with the incident involving Plaintiff. (*Id.* at 131:20-132:20.) He saw someone, who the officer identified as Plaintiff,

---

[2] On the City's unopposed request, the Court takes judicial notice of the Criminal Information, the Criminal Trial Transcript, the People's Proposed Jury Instructions, the Jury Verdict, the Criminal Sentence, and the Court of Appeal decision affirming Plaintiff's conviction. Fed. R. Evid. 201; *see Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

matching the suspect's description, and parked his cruiser. (*Id.* at 135:17-22, 136:3-7, 137:4-13.) With his police canine at his side, he approached Plaintiff. (*Id.* at 138:4-9.) When Plaintiff made eye contact with Officer Galios, the officer ordered Plaintiff not to run and warned that he would release the dog. (*Id.* at 138:12-15.) Plaintiff "immediately bolted." (*Id.* at 139:6-11.) Officer Galios then pursued Plaintiff on foot, with his police canine at his side. (*Id.* at 139:15-18.) Officer Galios had fallen behind Plaintiff, and as Plaintiff was going through a fence, Officer Galios released the police canine. (*Id.* at 142:10-12.) The police canine ran straight towards Plaintiff as he was running into a backyard. (*Id.* at 143:14-17.) The dog bit Plaintiff's shoulder and forced him to the ground. (*Id.* at 143:17-19.) Once Officer Galios released the dog, another officer arrived, and Plaintiff was handcuffed. (*Id.* at 144:19-24.)

At the close of the evidence, the state court gave the following jury instructions with respect to Count 5:

> The defendant is charged in Count 5 with resisting, obstructing or delaying a peace officer in the performance or attempted performance of his duties, in violation of Penal Code 148(a).[3]
>
> To prove that the defendant is guilty of this crime, the People must prove that: One, *Officers Sprague and Galios* were peace officers lawfully performing or attempting to perform their duties as peace officers; two, the defendant willfully resisted, obstructed or delayed *one or both of the officers* in the performance or attempted performance of those duties; three, when the defendant acted, he knew or reasonably should have known that the officers were peace officers performing or

---

[3] California Penal Code section 148(a) provides that it is a misdemeanor to willfully resist, delay, or obstruct any peace officer in the discharge or attempt to discharge any duty or his office or employment. An individual violates section 148(a) when (1) the individual willfully resists, delays, or obstructs a peace officer, (2) while the officer has engaged in the performance of his or her duties, and (3) the individual knew or reasonably should have known that the person effecting the arrest was an officer engaged in the performance of his duties. *People v. Simons*, 42 Cal. App. 4th 1100, 1108-09 (1996).

An essential element of a valid conviction for violating California Penal Code section 148(a)(1) is that the police officer was acting lawfully in the discharge or attempted discharge of his duties at the time the defendant resisted, delayed, or obstructed the officer. *Garcia v. Superior Court*, 177 Cal. App. 4th 803 (2009). A police officer is not lawfully performing his duties if he arrests an individual without probable cause or uses unreasonable or excessive force in effecting an arrest. *Id.; People v. Olguin*, 119 Cal. App. 3d 39 (1981). The instructions given to the state court jury so explained the law. *See* RJN, Ex. B, Trial Tr. at 270:20-273:16.

> attempting to perform their duties.
>
> …
>
> The People allege that the defendant resisted or delayed *both Officers Sprague and Galios* by failing to submit to a lawful arrest or detention. You may not find the defendant guilty unless you all agree that the People have proved the defendant committed at least one of the alleged acts of resisting, obstructing or delaying a peace officer who was lawfully performing his or her duties and you all agree on which acts he committed.
>
> The People have the burden of proving beyond a reasonable doubt that *Officers Sprague and Galios* were lawfully performing their duties as peace officers. *If the People have not met this burden as to at least one officer, you must find the defendant not guilty of resisting arrest.*
>
> A peace officer is not lawfully performing his or her duties if he or she is unlawfully arresting or detaining someone or using unreasonable or excessive force when making or attempting to make an otherwise lawful arrest or detention.
>
> …
>
> A person being arrested uses reasonable force when he or she uses that degree of force that he or she actually believes is reasonably necessary to protect himself or herself from the officer's use of unreasonable excessive force and uses no more force than a reasonable person in the same situation would believe is necessary for his or her protection.

(RJN, Ex. B, Trial Tr. at 270:20-273:16 (emphasis added).)

After a three day trial, the jury convicted Plaintiff of Counts 2, 3, 4, and 5 on September 15, 2010. (RJN, Ex. D, Jury Verdict.) Plaintiff was sentenced to four years in state prison. (RJN, Ex. E, Sentence.) Plaintiff appealed the conviction, which the Court of Appeal affirmed on January 23, 2013. (RJN, Ex. F, Court of Appeal Decision.)

**B.     Procedural background**

On February 27, 2014, Plaintiff filed his complaint, in which he alleged violations of the Fourth and Fourteenth Amendments based on the use of excessive force during his arrest. (*Id.* ¶ 14.) He also asserted that such use of force stems from an established policy, practice, or custom and that the City knew that canine units "have operated and continue to operate in such a way as to deprive numerous individuals of their constitutional rights . . . ." (*Id.* ¶ 15.) On April 1, 2014, the City moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Def.'s Mot. to Dismiss, Dkt. No. 10.) The Court granted the motion on May 9, 2014. (May 9, 2014 Order, Dkt. No. 17.)

On May 13, 2014, Plaintiff filed his amended complaint, asserting a Fourth Amendment

4

1  claim for excessive force against an unnamed defendant officer[4] pursuant to 42 U.S.C. § 1983, and
2  a *Monell* claim against the City.  (Am. Compl. ¶¶ 18, 19, Dkt. No. 21.)  The City filed its answer
3  on May 29, 2014.  (Answer, Dkt. No. 23.)  Its motion for judgment on the pleadings, and an
4  accompanying request for judicial notice, followed on July 3, 2014.  (Def.'s Mot., Dkt. No. 26.)
5  Plaintiff opposes the motion, but he has not filed an opposition to Defendant's request for judicial
6  notice.  (Pl.'s Opp'n, Dkt. No. 29.)  On August 21, 2014, the Court held a hearing on the motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  Judgment on the pleadings is proper "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

A "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)."  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  In determining whether a moving party has satisfied this standard, the court treats the opposing party's allegations as true, and construes them in the light most favorable to that party.  *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted).  Nonetheless, "[c]onclusory allegations of law and unwarranted inferences are insufficient to avoid" dismissal.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

In ruling on the motion, the court may consider exhibits attached to the pleadings, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), and facts which may be judicially noticed, *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  When a court grants a Rule 12(c) motion, leave to amend should be freely given if it is possible that further factual allegations will cure any defect.  *See Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013).

///

---

[4] The judicially noticed documents show that the police canine officer who effected Plaintiff's arrest was San Pablo Police Officer Galios.  RJN, Ex. B., Trial Tr. 140:10-143:17.

### III. DISCUSSION

The City moves for judgment on the pleadings on the ground that *Heck v. Humphrey,* 512 U.S. 477 (1994) bars Plaintiff's § 1983 excessive force claim because it implies the invalidity of his conviction for violating California Penal Code section 148(a), a conviction which has not been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. (Def.'s Mot. at 7.) In opposition, Plaintiff argues that *Heck* does not bar his excessive force claim. (Pl.'s Opp'n at 3.) He contends that his conviction and his claim are based on different actions occurring during one continuous transaction, thus eluding *Heck*.[5] (*Id.* at 3, 4.) The record lends no support to this contention.

**A.  *Heck* mandates dismissal of this action.**

In *Heck*, the Supreme Court limited a plaintiff's ability to bring a claim under § 1983 when it calls the lawfulness of a criminal conviction into question. 512 U.S. at 487. There, the petitioner commenced a § 1983 action, in which he alleged that state law enforcement engaged in an unlawful investigation, destroyed evidence, and used unlawful voice identification procedures in his criminal trial. *Id.* at 479. At the time he commenced the action, the appeal of his criminal conviction was pending. *Id.* The Court, in deciding whether a state prisoner may challenge the constitutionality of a conviction in a suit for damages under § 1983, held that a state prisoner's damages claim, which necessarily implied the invalidity of his conviction, could not be maintained under § 1983 absent a showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Under *Heck*, a damages claim that challenges the validity of a criminal conviction that "has not been so invalidated is not cognizable under § 1983." *Id.* at 487.

As Plaintiff's conviction for violating section 148(a) has not been reversed, expunged,

---

[5] To be clear, Plaintiff does not argue that his conviction has been reversed, expunged, declared invalid, or called into question by writ of habeas corpus. *See* Pl.'s Opp'n. Rather, as Plaintiff clarified at the hearing, he maintains that *Heck* does not bar his excessive force claim because the theory he advances in support of that claim, that the alleged excessive force occurred after he was already arrested, though contrary to the facts upon which the state court jury convicted him, does not imply the invalidity of his conviction.

declared invalid, or called into question by the issuance of a writ of habeas corpus, he cannot pursue his § 1983 excessive force claim if it is based on theories that "necessarily imply the invalidity of his convictions or sentences." *See Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6)).

The Supreme Court has recognized that a plaintiff convicted of resisting arrest would have to negate an element of the offense in order to prevail on a § 1983 excessive force claim against the arresting officer. *Heck*, 512 U.S. at 487 n.6. Ninth Circuit case law, however, illustrates that *Heck* does not bar all cases involving seemingly contradictory claims of resisting arrest and excessive force.

In *Hooper v. County of San Diego*, 629 F.3d 1127 (9th Cir. 2011), the Ninth Circuit held that *Heck* does not operate as a bar to recovery where a conviction under California Penal Code section 148(a)(1) and a § 1983 excessive force claim "are based on different actions during 'one continuous transaction.'" *Id.* at 1134. In that case, the plaintiff had been detained by private security at a drug store. *Id.* at 1129. A deputy sheriff arrived at the scene, cited the plaintiff, and informed her that he was going to search her car. *Id.*

During that search, the deputy discovered what he believed to be methamphetamine. *Id.* When he approached the plaintiff, she jerked her hand away. *Id.* The deputy eventually subdued the plaintiff. *Id.* According to her, she struggled briefly with the deputy after they were on the ground, and she stopped resisting when the deputy instructed her to do so. *Id.* At some point, the deputy called upon his police canine. *Id.* The dog bit the plaintiff's head, lost its hold, then bit and held the plaintiff's head. *Id.* The dog released its bite when backup arrived. *Id.*

Plaintiff pled guilty to resisting a peace officer under California Penal Code section 148(a)(1), and brought suit under § 1983 for excessive force. *Id.* In that action, she did not dispute the lawfulness of her arrest, nor that she resisted arrest when she jerked her hand away. *Id.* The defendants moved for summary judgment and prevailed. *Id.* The district court held that *Heck* barred the plaintiff's excessive force claims. *Id.*

7

On appeal, the Ninth Circuit reversed. *Id.* at 1134. Applying the California Supreme Court's decision in *Yount v. City of Sacramento*,[6] 43 Cal. 4th 885 (2008), it determined that:

> It is sufficient for a valid conviction under § 148(a)(1) that at some time during a "continuous transaction" an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully. It does not matter that the officer might also, at some other time during that same "continuous transaction," have acted unlawfully.

*Hooper*, 629 F.3d at 1132. The Ninth Circuit thus concluded that "a conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" *Id.* at 1134. It held that if the plaintiff were to prevail on her § 1983 excessive force claim, based on the use of the police dog, it would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of her attempt to resist it when she jerked her hand away from the deputy. *Id.* at 1133. The Ninth Circuit clarified that two factual contexts can exist during one continuous transaction such that a successful § 1983 claim and a conviction for resisting arrest may coexist without running afoul of *Heck*. *Id.* at 1332.

Here, Plaintiff attempts to analogize the instant case to *Hooper*, but those efforts fail. Unlike *Hooper*, Plaintiff cannot divorce the conduct giving rise to his excessive force claim from the conduct giving rise to his conviction. As Officer Galios testified, Plaintiff was in the act of fleeing when the police canine subdued him. (RJN, Ex. B., Trial Tr. 140:10-143:14-17.)

In addition, the state court's jury instructions establish that the jury determined that Officer Galios was justified in deploying the police canine. Those instructions included the following:

---

[6] Based on this California Supreme Court decision, the Ninth Circuit departed from the test it applied in *Smith v. City of Hemet*, 394 F.3d 698, 695 (9th Cir. 2005) (en banc). In *Smith*, the Ninth Circuit held that a conviction for resisting arrest did not implicate *Heck* because the conduct giving rise to the plaintiff's conviction and the conduct serving as the basis for his § 1983 damages claim could be separated into two distinct phases. *Id.* at 696. In *Hooper*, the Ninth Circuit revisited that analysis:

> The Court's decision in *Yount* does not mean that our holding in *Smith* was wrong. But it does mean that our understanding of § 148(a)(1) was wrong. Section 148(a)(1) does not require that an officer's lawful and unlawful behavior be divisible into two discrete "phases" or time periods, as we believed when we decided *Smith*.

*Hooper*, 629 F.3d at 1132.

8

> The People have the burden of proving beyond a reasonable doubt that Officers Sprague and Galios were lawfully performing their duties as peace officers. If the People have not met this burden *as to at least one officer*, you must find the defendant not guilty of resisting arrest.

(RJN, Ex. B, Trial Tr. 272:1-5 (emphasis added).) With these instructions in mind, the jury found Plaintiff guilty of violating California Penal Code section 148(a). (RJN, Ex. D, Verdict at 2.)

In light of this, the Court finds Defendant's reliance on a subsequent Ninth Circuit decision, *Beets v. County of Los Angeles*, 669 F.3d 1038, 1040 (9th Cir. 2012), more appropriate. In that case, two parents filed a § 1983 action, alleging that a sheriff's deputy used excessive force when he shot and killed their son. *Id.* Their son's accomplice had been convicted on several counts, including aiding and abetting in the assault on a peace officer with a deadly weapon. *Id.* The district court dismissed the action because *Heck* precluded the plaintiffs from attempting to show that the sheriff's deputy used excessive force. *Id.*

The Ninth Circuit affirmed. *Id.* It determined that there was no break between the assault on their deputy and the police response, but that the deputy's actions and the crime were "part of a single act for which the jury found that [the accomplice] bears responsibility." *Id.* at 1045. The Court of Appeals reasoned that because the jury that convicted his accomplice had already determined that the deputy acted within the scope of his employment and did not use excessive force, a civil judgment in favor of the plaintiffs would tend to undermine the accomplice's conviction. *Id.* The Ninth Circuit also noted: "a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would necessarily imply the invalidity of his conviction." *Id.* at 1045 (internal quotations, modifications, and citations omitted).

The jury verdict in the state court proceedings brings this case squarely in line with *Beets*. The jury's verdict resolves the issue Plaintiff attempts to relitigate here: whether Officer Galios acted lawfully when he deployed the police canine. Plaintiff's attempt to artfully plead facts that, if true, would be contrary to those upon which the state court jury convicted him fails. While Plaintiff believes that he can artfully plead such facts and thereby elude *Heck*, a judgment in favor of Plaintiff in this case would necessarily imply the invalidity of his conviction. It would require a

9

1 determination that the conduct complained of in this case constituted excessive force though the
2 state court jury has already found that such conduct was lawful.  Consequently, *Heck* mandates
3 dismissal of this action, both as to the City and as to any unnamed defendant officer.

## IV.     CONCLUSION

For the reasons set forth above, the City's motion for judgment on the pleadings is GRANTED.

**IT IS SO ORDERED.**

Dated:   09/04/2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge